JOHN M. McCOY III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
DAVID J. VANHAVERMAAT, Cal. Bar No. 175761
E-mail: vanhavermaatd@sec.gov
JANET RICH WEISSMAN, Cal. Bar No. 137023
E-mail: weissmanj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>INNOVATIVE ADVISORY SERVICES, INC., INNOVATIVE ADVISORY SERVICES LLC, ISLAND TRADER LLC, and RICHARD H. NICKLES,<br><br>            Defendants. | Case No. SACV 10-00423 JVS (RNBx)<br><br>**JUDGMENT AS TO DEFENDANTS INNOVATIVE ADVISORY SERVICES, INC., INNOVATIVE ADVISORY SERVICES LLC, ISLAND TRADER LLC, AND RICHARD H. NICKLES** |

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendants Richard H. Nickles ("Nickles"), Innovative Advisory Services, Inc. ("IAS, Inc."), Innovative Advisory Services LLC ("IAS LLC"), and Island Trader LLC ("Island Trader") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Nickles, IAS, Inc., and IAS LLC, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///

1

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Nickles, IAS, Inc., and IAS LLC, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Nickles, IAS, Inc., and IAS LLC, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) & 80b-6(2), by the use of the mails or any means or instrumentalities of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Nickles and Island Trader and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), by, directly or indirectly, in the absence of any applicable exemption, engaging in the business of a broker or a dealer by making use of the mails or any means or instrumentality of interstate commerce to effect transactions in, induce and attempt to induce the purchase or sale of any security while not being registered with the Commission as a broker or dealer, and when no exemption from registration was available.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall each pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1).  The Court shall determine the amounts of the disgorgements and civil penalties upon motion of the Commission.  Prejudgment interest shall be calculated from April 7, 2010, based on the rate of interest equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, in accordance with 28 U.S.C. § 1961.  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants

may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendants Innovative Advisory Services, Inc., Innovative Advisory Services LLC, Island Trader LLC, and Richard H. Nickles is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: April 04, 2011

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE